# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-10849
Conference Calendar

EDWARD OSWALT

Plaintiff-Appellant

v.

KELLY VANDYGRIFF; SHAWN VANDYGRIFF; ABERNATHY FIRE CHIEF; ORIS J CECIL, Ex-Fire Marshal; SANTOS MARTINEZ; CAROLYN PURSLEY, State Fire Marshal; JAMES L WHARTON, Attorney for Travelers Lloyds and Hubbard Insurance Agency; DENNIS BELKNAP; CINDY RUNNELS; GARY MORMINO & ASSOCIATES, Travelers Lloyds of Texas

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CV-103

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Edward Oswalt, Texas prisoner # 1421535, was convicted of arson and sentenced to five years in prison. Oswalt appeals the district court's dismissal of his civil rights complaint, in which he claimed, inter alia, that the defendants had him falsely charged with arson so that his insurance company would not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have to pay for the fire damage to his home. Oswalt also alleged that the defendants conspired to interfere with his civil rights, deprived him of his constitutional right to his home, and denied him equal protection under the law. Oswalt sought monetary damages in the amount of 16 million dollars. The district court dismissed Oswalt's complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

Oswalt has filed a one-page appellate brief with this court, asserting that the district court erred in dismissing his complaint. Oswalt has not, however, analyzed the district court's merit-based dismissal of his claims. Thus, Oswalt's claims are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Oswalt's brief fails to raise any issue of arguable merit. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we dismiss his appeal as frivolous. See 5TH CIR. R. 42.2. The district court's dismissal of Oswalt's suit as frivolous and for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A(b)(1) and this court's dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Oswalt is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.